STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Unified Buddhist Church, Inc., | } | |
| Indirect Discharge Permit | } | Docket No. 253-10-06 Vtec |
| (Appeal of Lull's Brook Watershed | } | |
| Association, <u>et</u> <u>al.</u>) | } | |

<u>Decision and Order on Motion to Intervene</u>
<u>and on Motion to Clarify Statement of Questions</u>

Appellants Lull's Brook Watershed Association, John Zelig, Amy Zelig, Peter Gordon, Sterling R. Monk, Marion Monk, and Heidi Luquer (Appellants) appealed from a decision of the Agency of Natural Resources to grant renewal Indirect Discharge Permit ID-9-0271 to Appellee-Applicant Unified Buddhist Church, Inc. (Unified Buddhist). Appellants are represented by David Grayck, Esq. and Evan J. Mullholland, Esq.; Appellee-Applicant is represented by Hans Huessy, Esq.; the Vermont Agency of Natural Resources (ANR) is represented by Catherine Gjessing, Esq. The Vermont Natural Resources Council (VNRC), represented by John Groveman, Esq., has entered an appearance in this appeal, and in the alternative, it has filed a motion to intervene.

Procedural History

On July 31, 2001, ANR issued the original Indirect Discharge Permit ID-9-0271 to Unified Buddhist, approving the indirect discharge from the Green Mountain Dharma Center of 15,000 gallons of treated wastewater per day via a sewage treatment system into Lull's Brook, a tributary of the Connecticut River. On May 20, 2003, ANR issued an amended Indirect Discharge Permit, ID-9-0271-1, for the Dharma Center, approving the

1

indirect discharge of 9,500 gallons of treated wastewater per day. On December 1, 2004, ANR issued an amendment to the 2003 Permit; the Water Resources Board's dismissal of an appeal from this permit amendment was affirmed by the Vermont Supreme Court. In re Unified Buddhist Church, Inc., 2006 VT 50.

On October 4, 2006, ANR issued a renewal Indirect Discharge Permit, approving an indirect discharge of 9,500 gallons per day from a proposed sewage treatment system; this is the permit on appeal in Docket No. 253-10-06 Vtec.

VNRC entry of appearance or motion to intervene

VNRC has entered an appearance in this appeal, and has moved to intervene as a "person aggrieved" pursuant to 10 V.S.A. § 8504(n)(4). V.R.E.C.P. 5(c) does not set a fixed time frame in which such a motion to intervene must be filed. VNRC's motion to intervene was filed on December 1, 2006, just over a month after the appeal was filed. The motion to intervene did not delay the proceedings or disadvantage any party; VNRC was given the opportunity to participate in the pretrial conferences and file memoranda pending the Court's ruling on its motion.

Moving party VNRC was founded in 1963 and is a non-profit environmental conservation organization with over 5,000 members. VNRC qualifies as a "person" under 10 V.S.A. § 8502(6). VNRC's stated purpose is to advocate the sustainable use and protection of Vermont's natural resources by promoting preservation, conservation, and wise use of natural resources for the benefit of the citizens and environment of the state and by educating the general public with respect to the "inter-relationship" of Vermont's soil, waters, plants, animals, and humans.[1] To carry out these purposes, the bylaws direct

_____

[1] These purpose statements are taken from the descriptions of the bylaws in VNRC's Memorandum in Support of its Motion to Intervene as the bylaws have not been provided in full to the Court.

2

VNRC to advocate the organization's position before federal, state, regional or local government bodies.

The question of VNRC's participation as a party requires a determination of whether it is "a person aggrieved," as defined in 10 V.S.A. § 8502(7). 10 V.S.A. § 8504(n)(4). To qualify as a "person aggrieved," VNRC must show that it "alleges an injury to a particularized interest protected by the provisions of law listed in [10 V.S.A. § 8503], attributable to [the decision on appeal] that can be redressed by the environmental court . . . ." 10 V.S.A. § 8503(7).

To determine whether VNRC has standing to appeal as a "person aggrieved," we must analyze the three criteria articulated in Parker v. Town of Milton, 169 Vt. 74, 78 (1998), which are whether "1) its members have standing individually; 2) the interests it asserts are germane to the organization's purpose; and 3) the claim and relief requested do not require the participation of individual members in the action." Id.; see also In re: Entergy Nuclear/Vermont Yankee Thermal Discharge Permit Amendment (Appeal of Conn. River Watershed Council, et al.), Docket No. 89-4-06 Vtec, slip op. at 6–7 (Vt. Envtl. Ct., Jan. 9, 2007).

VNRC argues that it has a "particularized interest" as an organization generally in "the decisions made by this Court," and in the issues it characterizes as being of "state-wide application" in whether this wastewater discharge is an indirect or a point-source discharge, and if it is an indirect discharge, whether ANR is required to conduct a so-called "alternatives analysis" under the Vermont Water Quality Standards. However, as noted by the Vermont Supreme Court in Parker, "an abstract interest in the outcome of an adjudication is insufficient" to confer organizational standing. 169 Vt. at 78 (citing Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 40 (1976)).

VNRC states that its members live in the vicinity of the project and will be affected by the indirect discharge of wastewater from the Dharma Center into Lull's Brook because

they use the brook for recreation. However, it has not come forward with any demonstration of where specific members live, what their particular interests are, how any injuries to those interests are attributable to the decision on appeal or could be redressed by this Court. The information provided to the Court regarding such members is not sufficient to confer standing on them as individuals, and thus is not sufficient to confer standing on the organization under Parker or §8504(n)(4).

Although VNRC has not shown that it qualifies to intervene under 10 V.S.A. § 8504(n)(4), the Vermont Rules of Appellate Procedure recognize that there may be a value in obtaining the perspective of non-party organizations with an interest in the legal issues in an appeal, through their participation as an amicus curiae. Pursuant to V.R.A.P. 29, made applicable to appeals in this Court by V.R.E.C.P. 5(a)(2), the Court will allow VNRC to submit briefs and otherwise participate in this appeal in that capacity.

Because of the degree to which this will allow VNRC to participate in these proceedings, there will be no "cognizable harm" to VNRC as a result of its participation as an amicus curiae, on the legal issues of concern to it, rather than as a party. Rhode Island v. United States Envtl. Protection Agency, 378 F.3d 19, 28 (1st Cir. 2004) (affirming the federal Environmental Appeals Board's decision to confer amicus status, rather than party status, on State of Rhode Island because Board had granted State leave to raise issue of intervention if case proceeded to evidentiary hearing).

Based on the foregoing, VNRC's Motion to Intervene is DENIED, with leave to renew the motion if and when the matter proceeds to an evidentiary hearing; VNRC is GRANTED amicus curiae status to file memoranda of law, and to participate in pretrial conferences and motion hearings.

<u>Appellee-Applicant's Motion to Clarify Questions 1, 2, and 3</u>

Appellee-Applicant Unified Buddhist has moved to clarify Questions 1, 2, and 3 of Appellants' Statement of Questions.[2]  Although a statement of questions is not a pleading subject to V.R.C.P. 12(e), it establishes the scope of the appeal and in a <u>de novo</u> appeal such as this one, the scope of discovery and preparation for trial.  The other parties are entitled to a statement of questions that is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial.  In particular, as the applicant has the burden of coming forward with evidence to show that the application meets the criteria for approval, the applicant is entitled to understand in what respect an appellant believes that the application fails to meet such criteria.

Question 1 asks whether the application complies with 10 V.S.A. § 1259(e)(4) and 10 V.S.A. § 1263(e).  Section 1263(e) implicates the filing requirements for the renewal application and potentially all of the "determinations and procedures" that were required for the initial permit application.  Section 1259(e)(4) potentially implicates all of the Vermont Water Quality Standards.  Appellee-Applicant and the other parties are entitled to a more specific statement of which filing requirements, which determinations and procedures, and which Water Quality Standards are alleged by Appellants not to be met by the application at issue in this appeal.

Question 2 asks whether the application complies with §13.5(b) of the Vermont Water Pollution Control Permit Regulations. Section13.5(b) has multiple subsections and subparts.  Appellee-Applicant and the other parties cannot reasonably prepare for trial without knowing which specific subsections or subparts are implicated by the question.

_____

[2] Appellee-Applicant has also moved to dismiss Question 4 of the Statement of Questions, which relates to whether the wastewater discharge requires a permit pursuant to the National Pollution Discharge Elimination System.  This motion will be addressed together with Appellee-Applicant's Motion in Limine, in a separate decision.

Question 3 asks whether the application complies with the Indirect Discharge Rules; those rules are voluminous and have many subsections. As with regard to Questions 1 and 2, Question 3 does not provide the other parties with sufficient specificity to prepare their cases.

Based on the foregoing, Appellee-Applicant's motion for a more specific statement of Questions 1, 2, and 3 is GRANTED. Appellants shall file the more specific statement of Questions 1, 2, and 3 on or before June 1, 2007.

Done at Berlin, Vermont, this 11th day of May, 2007.

_____
Merideth Wright
Environmental Judge